**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 1:15-cv-00688 (RC) |
| *v.* | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## PARTIES' PROPOSED SCHEDULES

In its July 23, 2015 Minute Order, the Court ordered "that the parties shall meet and confer and, on or before August 6, 2015, submit a proposed schedule for searching, processing, and producing documents using the agreed upon search terms" submitted with the parties' status report dated July 23, 2015 (ECF No. 10).  In accordance with the Court's Order, the parties have conferred and exchanged proposals, but were unable to come to an agreement.  Accordingly, the parties' separate proposals follow below.

**Defendant's Proposal**

Using the agreed-upon search terms, Defendant shall complete its search for responsive documents in the approximately 55,000 pages of emails provided to the State Department by former Secretary Clinton, and shall report to the Court the volume of potentially responsive records (*i.e.*, the number of "hits" generated by the agreed-upon search terms) on or before **August 27, 2015.**

The parties will thereafter confer about a schedule for the processing and production of any non-exempt records.  The schedule will depend on the volume of "hits," and the degree of

interagency coordination and review required to process any records deemed responsive.  The

parties will file a joint status report on **September 10, 2015,** setting forth an agreed-upon

timeframe, or, if the parties are unable to agree, each side's respective position.

The timing that Defendant proposes is appropriate for two reasons.  First, Defendant

faces a tremendous workload of FOIA cases and associated court-imposed deadlines.  *See* Decl.

of John F. Hackett ¶¶ 10-19, *Associated Press v. U.S. Dep't of State*, civil action no. 1:15-cv-

00345 (RJL).     Furthermore, as of July 29, 2015, Judicial Watch is a plaintiff in 18 active

lawsuits against Defendant – 21% of Defendant's total FOIA litigation caseload – involving 24

FOIA requests.  Eight of those cases were filed within two days of each other.  If Defendant's

plan is adopted, the State Department would still be committing significant resources towards

Plaintiff's many FOIA requests, while taking into account other FOIA requests in litigation that

were filed before this case.  By contrast, Plaintiff's proposed schedule would require Defendant

to divert resources away from the numerous FOIA cases in litigation that were filed before this

one, including cases filed by Plaintiff.

Second, a significant portion of Defendant's FOIA-processing resources are currently

devoted to carrying out this Court's order in *Leopold v. U.S. Dep't of State*, civil action no. 1:15-

cv-00123 (RC).  Defendant has adopted a carefully planned sequence for processing these

documents so that it can comply with the schedule set forth in that order.    The sequence that

Defendant proposes here will ensure that it is working steadily to complete the processing of the

FOIA Requests at issue in this case while allowing the review of the Clinton emails to proceed

expeditiously.

As such, Plaintiff errs in suggesting that there can be a simple substitution of the records

sought in this FOIA request in order to meet the court-ordered deadlines in *Leopold*.  On the contrary, prioritizing the records sought in this one case would both impair the review process underway in *Leopold* as well as negatively impact the speed with which requesters, including Judicial Watch, will receive records sought in other requests.

Plaintiff's proposal is flawed for an additional reason.  It supposes that for each increment of 5000 "hits," Defendant would receive one additional month of processing time.  Such a proposal, however, is both unreasonable and unworkable.  Because Plaintiff contends that its FOIA request is a "narrow one," a return of over 250 "hits" would likely mean that the search terms were flawed and would need to be narrowed before another search could be run.  Accordingly, Plaintiff's proposal should be rejected.  Instead, it would be far more rational to allow Defendant first to determine the number of "hits;" at that juncture, the parties can confer regarding a date by which the documents can be processed and non-exempt records produced.[1]

**Plaintiff's Proposal**

Since Plaintiff's request is a narrow one, and since documents from the 55,000 pages produced in response to Plaintiff's request will count towards the percentage production requirements in *Leopold*, a reasonably prompt production in this case is both required and achievable.  Accordingly, Plaintiff proposes the following reasonable schedule:

> **August 13, 2015** – Defendant shall file a status report providing the total number of potentially responsive document "hits" in the 55,000 page database using the agreed-upon search terms from the parties' July 23, 2015 Joint Status Report.  Based on that reported total number, Defendant shall complete its production from the 55,000 pages according to the following schedule:

---

[1] Additionally, Defendant's proposal is similar to an approach recently adopted by Judge Cooper in a pending FOIA case in this District, *Freedom Watch v. Nat'l Security Agency*, civil action no. 1:12-cv-01088-CRC; *see* Minute Order dated Aug. 5, 2015.

**August 31, 2015** if less than 250 pages.
**September 30, 2015** if between 250 pages and 1,000 pages.
**October 30, 2015** if between 1,000 and 2,500 pages.
**November 30, 2015** if between 2,500 and 5,000 pages.
**December 31, 2015** if between 5,000 and 10,000 pages.
**January 29, 2015** if over 10,000 pages.

Defendant's production will segregate documents responsive to Plaintiff's request from the *Leopold* production and will send Plaintiff's documents directly to Plaintiff's counsel via email.

Dated:  August 6, 2015

*s/ Chris Fedeli*
Chris Fedeli
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel: 202-646-5185
cfedeli@judicialwatch.org

*Counsel for Plaintiff*

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*s/ Daniel Riess*
DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts, Avenue, N.W.
Washington, DC  20530
Tel: 202-353-3098
daniel.riess@usdoj.gov

*Counsel for Defendant*

4